**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAMON E. JACKSON, | No. 10-17331 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-02502-FCD-CMK |
| v. | |
| D. K. SISTO, Warden; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Jr., District Judge, Presiding

Submitted September 27, 2011[**]

Before:    SILVERMAN, W. FLETCHER, and MURGUIA, Circuit Judges.

Lamon E. Jackson, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action for failure to

exhaust administrative remedies under the Prison Litigation Reform Act, 42 U.S.C.

§ 1997e(a). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court's dismissal for failure to exhaust, and for clear error its factual determinations. *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003). We affirm.

The district court properly dismissed the action because Jackson's failure to submit a timely inmate grievance appeal as to his failure-to-protect claim did not constitute proper exhaustion. *See Woodford v. Ngo*, 548 U.S. 81, 83-84, 93 (2006) ("[P]roper exhaustion" is mandatory and cannot be satisfied by filing an administrative grievance that is properly rejected as "untimely or otherwise procedurally defective[.]"); *see also Booth v. Churner*, 532 U.S. 731, 734 (2001) (an inmate seeking only money damages must complete a prison administrative process capable of addressing his complaint and providing some form of relief, even if the process does not provide for the recovery of monetary relief).

We construe the dismissal of Jackson's claims to be without prejudice. *See Wyatt*, 315 F.3d at 1120 (explaining that if the court concludes that a prisoner has failed to exhaust, the proper remedy is dismissal without prejudice).

Jackson's remaining contentions are unpersuasive.

**AFFIRMED.**